

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-86,603-03

**EX PARTE WILLIAM MONTERIAL JONES, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1387546-A IN THE 351ST DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery with a deadly weapon and sentenced to forty years' imprisonment. The First Court of Appeals affirmed his conviction. *Jones v. State*, Nos. 01-14-01032-CR (Tex. App.—Houston [1st Dist.] Feb. 18, 2016)(not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because counsel failed to present medical records and interview and subpoena medical staff to show that Applicant was severely injured and would have been unable to run from the crime scene.

On February 9, 2018, the trial court signed findings of fact and conclusions of law recommended denying relief. In its findings, the trial court erroneously stated that Applicant failed to show that any medical personnel was available to testify on Applicant's behalf. Applicant has provided an affidavit, purporting to be from a nurse, Kelly Russell, who states that Applicant could not have run any distance due to his injuries.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. Counsel has provided an affidavit. However, it is this Court's opinion that more information is needed before this Court can render a decision on the aforementioned grounds for review, and because this Court cannot hear evidence, *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether counsel was deficient for failing to present Applicant's medical record. The trial court shall make findings of fact as to whether counsel was deficient for failing to present testimony from Kelly Russell to testify that Applicant's injuries would have prevented him from running away or fleeing from a crime scene. If the trial court finds counsel did not have a reasonable trial strategy for presenting medical evidence or medical testimony, then the court shall determine whether Applicant was prejudiced under the second prong of *Strickland*.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: March 28, 2018
Do not publish